UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAMPOIRE ORANGE,

        Plaintiff,

v.                                         Case No. 3:20-cv-842-J-39PDB

PAYTON A. PRESCOTT et al.,

        Defendants.
_____

**ORDER**

    This cause is before the Court on the following motions: Defendants Kendrick, Kirkland, McKenzie, Prescott, Reed, and Warren's motion to dismiss (Doc. 23); Defendant Chapman's motion to dismiss (Doc. 25); Plaintiff's motion to appoint counsel (Doc. 27); Plaintiff's motion for leave to file an amended complaint (Doc. 29); Plaintiff's motion to compel documents (Doc. 30); and Plaintiff's motion to compel answers to interrogatories (Doc. 31).

    Despite the Court's notice to Plaintiff (Doc. 7), Plaintiff has not included a certificate of service in any of his filings. The Court could strike them for that reason. However, in the interest of judicial efficiency and because Defendant has responded substantively to one of Plaintiff's motions (Doc. 32), the Court will address them. The Court reminds Plaintiff of his obligation to comply with

the Federal Rules of Civil Procedure, this Court's Local Rules,[1] and Court Orders. Future filings that do not comply with applicable rules and Court Orders may be stricken.

## Motion to Appoint Counsel

Plaintiff moves for the appointment of counsel (Doc. 27) because he is proceeding as a pauper, his imprisonment will limit his ability to litigate on his own behalf, and the issues in this case will require significant research and investigation. A plaintiff in a civil case has no constitutional right to counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The federal in forma pauperis (IFP) statute provides, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute's use of "may" connotes discretion. See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (analyzing "may" in another context). The statute's use of "request" permits a court to ask but not compel a lawyer to represent an indigent litigant for free. Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307 (1989). The statute therefore codifies a court's discretionary authority to recruit a lawyer to represent an indigent litigant for

---

[1] Plaintiff should know that the Local Rules have been amended, effective February 1, 2021. All litigants, even those proceeding pro se, are expected to familiarize themselves and comply with the amended rules.

free; the statute "does not authorize the federal courts to make coercive appointments of counsel." Id. at 310.

A court should exercise its discretion under the IFP statute "only in exceptional circumstances." Bass, 170 F.3d at 1320. Considerations may include the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case will require skill in presenting evidence and in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

This case does not appear more complex than most civil rights cases, and the circumstances Plaintiff describes are unexceptional. Most prisoners are untrained in the law and have limited resources available to them. Moreover, Plaintiff has been able to investigate and present his case. Accordingly, Plaintiff's motion for appointment of counsel is due to be denied without prejudice.

## Motion to Amend

Plaintiff moves to amend his complaint (Doc. 29) to add claims for failure to intervene and failure to supervise against Defendant Warren and a claim for deliberate indifference to serious medical needs against Defendant Chapman. Defendants have not filed a response in opposition to the motion.

A district court should freely grant a motion to amend a complaint. Fed. R. Civ. P. 15(a)(2). Because Plaintiff sets forth the substance of the proposed amendment, his motion is due to be granted. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). Accordingly, Defendants' motions to dismiss (Docs. 23, 25) will be denied as moot.[2]

## Discovery Motions[3]

First, Plaintiff moves to compel Defendants Prescott, Kirkland, Roberts, Kendrick, Warren, McKenzie, and Reed to produce documents (Doc. 30). Plaintiff also seeks reimbursement of the expenses he incurred in filing this motion. Defendants oppose the motion (Doc. 32; Def. Resp.). They assert Plaintiff seeks documents that are in the possession, custody, or control of a non-party, the Baker County Sheriff's Office, and contend Plaintiff should seek

---

[2] On December 10, 2020, the Court directed Plaintiff to show cause by January 14, 2021, why his claims against Defendant Chapman should not be dismissed for Plaintiff's failure to respond to Defendant Chapman's motion to dismiss. See Order (Doc. 28). Plaintiff responded to the motion to dismiss (Doc. 33), but again did not include a certificate of service. Given the motion to dismiss is moot, as noted, the Court will discharge the Order to Show Cause.

[3] In pro se-prisoner civil rights cases, the parties typically do not exchange discovery until after all served defendants answer the complaint and the Court sets a discovery period. In this case, however, Defendants have not objected to discovery being premature and have, in fact, responded to Plaintiff's discovery requests and one of his discovery motions. See Docs. 31-1, 32.

4

the documents directly from the Sheriff's Office through a subpoena or a public records request.

The Federal Rules of Civil Procedure provide as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. A party may seek the production of documents from another party that are relevant and in the responding party's "possession, custody, or control." See Fed. R. Civ. P. 34(a)(1). "Control" is defined broadly as "not only … possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984).

In responding to Plaintiff's requests for the production of documents, Defendants objected to requests numbers 1 through 6 (of 8) on the grounds that the requests were not "limited to time and scope," and they did not have responsive documents in their possession, custody, or control.[4] See Pl. Ex. at 3-

---

[4] In response to the motion to compel, Defendants do not argue the requests are not proportional to the needs of the case but instead assert they

4. Defendants did not object to relevancy. Id. In requests 1 through 6 (Doc. 30-1; Pl. Ex.), Plaintiff generally seeks disclosure of documents related to "rules, regulations, and policies" of the Baker County Jail governing the treatment of inmates with disabilities and protocols for using force against inmates, including the proper use of spit shields and the obligation to provide medical care after use-of-force incidents; and records related to medical care he received following the use-of-force incidents that are the basis of his complaint. See Pl. Ex. at 3-4.

As to the purported lack of possession, custody, or control of the requested documents, defense counsel represents that Defendants Prescott, Roberts, and Reed remain employed by the Baker County Sheriff's Office. See Def. Resp. at 1 n.1. Despite the continuing employment relationship, these Defendants do not explain why they are unable to obtain the documents Plaintiff seeks. Indeed, Defendants were able to obtain and disclose to Plaintiff some documents that presumably were generated by and in possession of the Sheriff's Office: incident reports and pictures of items officers used to restrain and regain control of Plaintiff on October 22, 2019. See Pl. Ex. 1 at 2-3.

---

do not have possession, custody, or control of the documents requested. Thus, the Court will limit its analysis accordingly.

6

Accordingly, the Court finds Plaintiff's motion is due to be granted in part as to Defendants Prescott, Roberts, and Reed, who must supplement their responses to Plaintiff's requests 1 through 6. However, Plaintiff is not entitled to reasonable expenses incurred in filing his motion because he did not first attempt "in good faith to obtain the disclosure or discovery without court action." See Fed. R. Civ. P. 37(a)(5)(A)(i).

Second, Plaintiff moves the Court to order Defendants Prescott, Kirkland, Roberts, Kendrick, Warren, McKenzie, and Reed to fully answer interrogatories (Doc. 31). Defendants have not responded to this motion. However, the Court finds the motion facially deficient and due to be denied because Plaintiff does not explain in a memorandum of law why the relief he seeks should be granted or why Defendants' answers to certain interrogatories were not proper or complete. See M.D. Fla. R. 3.01(a), 3.04(a). The Court directs the parties to confer in good faith to resolve any outstanding discovery disputes in accordance with their obligation under the Federal Rules of Civil Procedure and the Court's Local Rules. Any future discovery motions must include a certification that the parties conferred in good faith or attempted to do so in compliance with Rule 37(a)(1) and Local Rule 3.01(g).

Accordingly, it is now

**ORDERED:**

1. Defendants' motions to dismiss (Docs. 23, 25) are **DENIED as moot**.

2. Plaintiff's motion for appointment of counsel (Doc. 27) is **DENIED without prejudice**. If the circumstances of the case change, for instance, if the case proceeds to trial, the Court may <u>sua sponte</u> reconsider Plaintiff's request.

3. Plaintiff's motion for leave to file an amended complaint (Doc. 29) is **GRANTED**. Plaintiff must submit an amended complaint by **February 26, 2021**. Plaintiff should know an amended complaint supersedes prior iterations of the complaint "and becomes the operative pleading in the case." <u>See</u> <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1219 (11th Cir. 2007). As such, Plaintiff should include all the claims he intends to pursue and may not refer to or incorporate by reference his original complaint or exhibits attached thereto.

4. Plaintiff's motion to compel documents (Doc. 30) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent Defendants Prescott, Roberts, and Reed must supplement their responses to Plaintiff's requests 1 through 6 by **February 26, 2021**. In all other respects, the motion is **DENIED**.

5. Plaintiff's motion to compel answers to interrogatories (Doc. 31) is **DENIED without prejudice**.

6. The Order to Show Cause (Doc. 28) is **DISCHARGED**.

7. The **Clerk** is directed to send Plaintiff a civil rights complaint form. In completing the form, Plaintiff shall title it "Amended Complaint" and put this case number on it.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of January 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record